UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 7: 05-12-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CAROLYN SUE DAVIS, OTIS DAVIS, | ) | **MEMORANDUM OPINION** |
| and RAGHU SUNDARAM, M.D., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of the United States' objection to Dr. Sundaram's notice of intent to call Dr. Michael Ehrie, Jr. as an expert witness. [Record No. 40] The Defendants are accused of participating in a conspiracy to defraud Medicare by channeling patients to Dr. Sundaram and then sending those patients for unnecessary care at J&J Medical. For the reasons discussed herein, the Court will overrule the United States' objection, without prejudice, but order the Defendants to submit a report of Dr. Ehrie's expected testimony.

The Defendant states that:

> Dr. Ehrie will testify regarding the submission of Medicare claims, the completion of CMNs and prescriptions, and the use of oxygen equipment suppliers. Dr. Ehrie will also generally testify regarding office procedures and general standards for operation of a medical practice, particularly regarding the treatment of lung-related illnesses. Dr. Ehrie will testify concerning his review of the patient files of the twelve individuals as set forth in Counts 1-12 of the Indictment . . . .

[Record No. 39]   The United States objects, noting that the

> Notice of Intent does not contain a written summary of the testimony his expert

>intends to use. Nor does it contain a statement of any opinion the expert intends to express. Further, there is an insufficient showing of the facts or data the expert relies upon. There is no showing as to the reliability of the principles and methods upon which the expert's testimony will be based. [And,] . . . there is no showing that the expert has applied the principals and methods to the facts of this case.

[Record No. 40, pp. 1-2] In addition, the United States argues that his testimony concerning office procedures and treatment of lung-related illnesses are irrelevant.

Rule 16(b)(1)(C)(i) of the Federal Rules of Criminal Procedure provides that "[t]he defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if the defendant requests disclosure under subdivision (a)(1)(G) and the government complies . . . ." Because the United States has provided such information to the Defendants pursuant to Rule 16(a)(1)(G) of the Rules of Criminal Procedure [Record Nos. 25-27, 35], the United States is entitled to a summary of Dr. Ehrie's expected testimony, pursuant to Rule 16(b)(1)(C)(i). Once the United States is in possession of this report, it should be able to determine "the reliability of the principles and methods" used by Dr. Ehrie. If, after reviewing the report, the United States believes that Dr. Ehrie's testimony will not meet the *Daubert* requirements, it may file the appropriate motion, either in writing, or orally, at the start of trial.

The United States also argues that Dr. Ehrie's testimony will be irrelevant. In analyzing this claim, it is useful to consider the United States' theory of the case and any possible defenses. The Indictment claims that Dr. Sundaram, along with his co-Defendants, participated in a scheme in which Carolyn Sue Davis referred patients seeking treatment for black lung disease

to Dr. Sundaram. It alleges that Dr. Sundaram filled out blank prescriptions, which were later completed by Mrs. Davis and forwarded to J&J Medical, a company she co-owns with her husband, Otis Davis. J&J Medical billed Medicare for the services it provided. In addition, the United States claims that Mrs. Davis filled out many "Certificates of Medical Necessity," which were signed by Dr. Sundaram without review. The United States alleges that the operation was a scheme to defraud Medicare.

Although the Court is not privy to the complete facts of the case, or to Dr. Sundaram's potential defenses, it appears that Dr. Ehrie's testimony will attempt to explain the methods used by Dr. Sundaram to demonstrate that his actions are in accord with normal medical practices and are not necessarily evidence of fraud. Such testimony *could* have relevance, depending on the proof presented during the United States' case-in-chief. Further, without a summary of Dr. Ehrie's expected testimony and the "reasons for those opinions," Fed. R. Crim. P. 16(b)(1)(B), it is difficult to know whether Dr. Ehrie is qualified to make such opinions. His *curriculum vitae*, attached to the notice of intent, however, suggests that he would be qualified to testify about the general issues outlined in the notice of intent. [Record No. 39] Again, the United States may challenge his qualifications, if the forthcoming summary leads it to believe that he would not meet the *Daubert* requirements.

Accordingly, it is hereby **ORDERED** as follows:

(1)   The United States' objection to Dr. Sundaram's notice of intent to call expert witness is **SUSTAINED**, with respect to United States' request for a written summary of the testimony, and **OVERRULED**, without prejudice, in all other respects;

(2) Dr. Sundaram is **ORDERED** to file a written report of Dr. Ehrie's expected testimony, in compliance with Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure, by 5:00 p.m. on Thursday, August 11, 2005. The report must provide all information required by Rule 16(b)(1)(C), as well as all information pertaining to Rules 702, 703 and 705 of the Federal Rules of Evidence. The report must be submitted by fax, in addition to normal service by U.S. mail or ECF electronic filing;

(3) The Clerk of the Court is directed to fax a copy of this Memorandum Opinion and Order to all counsel of record, in addition to regular service by U.S. mail or ECF electronic filing.

This 9th day of August, 2005.

Signed By:
*Danny C. Reeves* DCR
United States District Judge