UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Criminal Action No. 7: 05-12-DCR |
| V. | ) |
| CAROLYN SUE DAVIS and OTIS DAVIS | ) **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Following trial, the Defendants were sentenced in this action on December 19, 2005, with Judgments also entered on that date. [Record Nos. 83, 85] Both Defendants were sentenced within their respective guideline ranges with Carolyn Davis receiving a term of imprisonment of 60 months and Otis Davis receiving a term of imprisonment of 36 months. *Id.* The Defendants were directed to report to the institution designated by the Bureau of Prisons to begin service of their sentences on February 13, 2006. Both Defendants have now filed motions to remain on current conditions of release while their appeals are pending. [Record Nos. 94, 95] The United States opposes the relief sought by the Defendants. For the reasons that follow, the Defendants' motions will be denied.

**I.   LEGAL ANALYSIS**

As a preliminary matter, the Court notes that the governing statute establishes a presumption of detention pending appeal. 18 U.S.C. §3143; *United States v. Vance*, 851 F.2d 166, 168-69 (6th Cir.), *cert. denied*, 488 U.S. 893 (1988). To establish an entitlement to release

pending appeal, a person found guilty of an offense and sentenced to a term of imprisonment must show by clear and convincing evidence that: (i) he is not likely to flee or pose a danger to the safety of another person or the community; and (ii) that the appeal is not for delay and raises a substantial question of law or fact likely to result in reversal, an order for new trial, a sentence that does not include a term of imprisonment, or a sentence reduced to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b); *United States v. Pollard*, 778 F.2d 1177, 1181 (6th Cir. 1985).

As the Sixth Circuit observed in *Pollard*, "[a]n appeal raises a substantial question when the appeal presents a close question or one that could go either way and that the question is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor. *Id.* at 1182 (internal quotation and citation omitted). Further, in deciding whether a question is "substantial" as that word is used in the relevant statutory section, the district court "must essentially evaluate the difficulty of the question he previously decided." *United States v. Shoffner*, 791 F.2d 586, 589 (7th Cir. 1986).

In the present action, the Defendants were each convicted of twelve separate counts of health care fraud and an additional count of obstruction of a criminal investigation. Therefore, the Defendants must establish that the issues they intend to raise on appeal will not just result in a reversal and resentencing on one count. Instead, they must establish that the appellate court is likely to reverse their convictions and remand the action for new trial or entry of judgment in

their favor.[1]  *See United States v. Pulley*, 730 F.Supp. 55 (W.D.Ky. 1990) (on motion for bond pending appeal, a defendant must demonstrate that all counts are likely to result in reversal because where the defendant is serving a concurrent sentence on various counts, reversal as to one does not necessarily affect the integrity of the others).

## II.  ARGUMENTS AND RELEVANT FACTS

In support of their motions, the Defendants argue that neither are likely to flee or pose a danger to the community.  In addition, they contend that their appeals are not for purposes of delay and that they raise a substantial question of law or fact likely to result in reversal or an order for a new trial.  While the United States does not contest the first assertion, it strongly disputes the second.[2]

According to the Defendants, the "substantial questions" presented on appeal involve: (i) a comment made by the Assistant United States Attorney during closing argument to the jury concerning one witness[3] who testified for the Defendants; and (ii) an allegedly erroneous answer given to the jury in response to a question presented during deliberations.  As to the first issue, according to the Defendants, counsel for the United States improperly remarked during closing

---

[1]  The Court has considered – but rejected – the possibility that the appellate court might reverse the Defendants' convictions and order a new trial one or more counts that could result in a conviction and sentence for a term less than the term the Defendants are likely to serve while their appeal is pending.

[2]  While the Court does not believe that either Defendant would present a risk of physical harm to others, it does believe that, due to the vindictive nature of Carolyn Davis, she would likely attempt to take actions which would be harmful to those who offered testimony against her.  This includes members of her family.

[3]  The Defendants' motions fail to specifically identify this witness.  However, the witness is identified in the United States' response as Jerry Pennington.  Likewise, the Defendants have failed to provide any details concerning the nature of the error committed by the United States.

that the witness could or should have been made a Defendant in the case. While the Defendants do not provide any details or legal authority, it appears that they are asserting that this statement was intended to imply that the witness had tampered with documents and that he had an improper motive for testifying for the Defendants. The United States responds that its comment about the witness's credibility was harmless and isolated even if it was erroneous as the Defendants suggest.

With respect to this issue, the Court sustained the Defendants' objection and directed the jury to disregard counsel's remark. The government's attorney did not make further, similar remarks and counsel for the Defendants did not request further instructions be given or that a mistrial be declared. Instead, it appears that he was satisfied with the Court's handling of the issue. The draft transcript reflects the following:

> (MR. MOLLOY)  And did you hear Mr. Pennington testify? Wasn't he something? Mr. Pennington gets on the stand. Here is the guy now that even Dr. Sundaram says he came in his office and started putting things in files and taking things out of files. Pennington gets on the stand and starts talking about the Bloodworth file and how he had it in his briefcase and how, at the end of the day, he went and came back and it wasn't there anymore, and that Jennifer Akers did it. Of course, that was one of the things in the black bag, wasn't it?
>
> Well, you know, cross-examination is a great thing, because he started backpedaling on that whole business about the Bloodworth file. He ended up saying, "well, I'm only talking about the little sticker." Well, that isn't the way he presented himself on direct examination.
>
> Mr. Pennington ought to thank his lucky stars that he's not sitting over here, too, as being part of the cover-up in the case.
>
> MR. MCCOY: Objection.
>
> THE COURT: I will sustain the objection. The jury will disregard the last comment.

The second issue involved the following question presented near the end of the jury's deliberations: "If the information on the CMN [certificate of medical necessity] is factually correct but the signature is forged, is that document fraudulent?" In response, after conferring with counsel, the Court advised the jury in writing that:

> A forged signature may be considered by you as evidence of fraudulent intent which is one of the elements to be proven in counts 1 through 12. You should consider this instruction, together with all other instructions given, relating to counts 1 through 12.

[Record No. 65][4]

The Defendants' attorney argues that this instruction raises a "close question or one that could go either way" on appeal. Again, however, he does not explain or provide any case or other authority to support his contention that this instruction was in any way incorrect.[5] Likewise, the Court has found no such authority to support the Defendants' argument.

After reviewing the file of this matter and the evidence presented, the Court believes that the issues raised by the Defendants in support of their motions do not present substantial questions of fact or law that will likely result in reversal of their convictions. As previously noted, the Court does not believe the supplemental instruction given to the jury in response to their question was incorrect. Likewise, the Court does not believe that the Assistant United

---

[4] The last volume of the official transcript of trial which includes closing arguments and the Court's discussions with counsel concerning the jury's question has not yet been filed in the record. The Court Reporter, however, was able to provide an unofficial draft for the undersigned's use in addressing the current motions.

[5] According to the United States, the jury's question related to the acts of the co-Defendant, Raghu Sundaram, who was acquitted on all counts. Therefore, it contends that the instruction to the jury could not have prejudiced them. The Court has not accepted this argument for purposes of resolving the Defendants' motions.

States Attorney's challenged comment concerning one of the Defendants' witnesses is likely to result in a reversal of their convictions.

### III.  CONCLUSION

Having considered the Defendants' arguments and being sufficiently advised, it is hereby

**ORDERED** that the Defendants' motions for an Order allowing them to remain on their current conditions of release pending appeal [Record Nos. 94, 95] are **DENIED**.

This 18th day of January, 2006.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge